

**Entered on Docket
March 28, 2006**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:

CMX/CENTURY PRODUCTIONS, INC.,
a Delaware corporation,

              Debtor.

Case No.: BK-S-05-13435-BAM
Chapter 11

Date:  N/A
Time:  N/A

**DENIAL OF APPLICATION FOR ORDER SHORTENING TIME
FOR HEARING ON MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR RELIEF FROM THE AUTOMATIC STAY**

On March 24, 2006, Barry Levy, Michael Levy, Sheila Levy, and the Levy Ad Group, Inc. (the "Levy Family") filed their "Application For Order Shortening Time For Hearing On Motion To Dismiss, Or, In The Alternative, For Relief From The Automatic Stay" (the "Application") (Docket #289).  Only the Office of the United States Trustee has agreed to the Application; the trustee in this case, Laurel Davis ("Trustee") has opposed it (Docket #295), as has the debtor, CMX/Century Productions, Inc. ("Debtor") (Docket #296).

The Application is denied.  The Levy Family has not met its burden of showing that the underlying "Motion To Dismiss, Or, In The Alternative, For Relief From The Automatic Stay" ("Motion") (Docket #291) requires expedited treatment.

Under Bankruptcy Rule 9006(c), a court may shorten the time within which a motion may be heard "in its discretion with or without motion or notice." Local Rule 9006(a) qualifies this discretion by stating that shortened time may be ordered "[i]n appropriate circumstances and for good cause shown."

Here, the Levy Family is not satisfied with the progress the Trustee and the Debtor are making in consummating a sale of the Debtor's assets. They claim to have given a string of waivers of their rights under the confirmed plan, in effect saying "enough is enough." They have lost confidence in the Trustee and the Debtor to abide by obligations and agreements each is bound by, and contend that the delay is eroding the benefits they claim are theirs under the confirmed plan.

The Levy Family may be right; then again, they may not. That is for the hearing on the Motion. What is clear, however, is that the losses to the Levy Family at this point are primarily monetary. Unexcused delays in viable deals are compensated by increased payments of interest, not in cancellation of the deal. And the present deal appears viable: the Trustee has a deposit of half a million dollars from a legitimate buyer and an April 7 closing date; given the history of this case, that is not a trivial set of events.

The Levy Family's contentions of non-monetary harm are either illusory or insufficiently supported. Their claim of continuing losses does not justify hearing on shortened time; those claims may be addressed in a noticed motion under Section 1112 without any apparent material harm to the Levy Family. In addition, the Levy Family also makes conclusory (and contested) allegations about foreclosures against non-debtors who have guaranteed the debtor's obligations. Given the murkiness of this issue (which the Levy Family could have avoided by attaching appropriate documentation, properly authenticated), an accelerated hearing is not called for – indeed, notably lacking from the declarations filed by the Levy Family are the relative relationship between the foreclosures and their ultimate recovery. If the proposed sale will pay them in full, then the guaranties

would be meaningless. Even if the sale did not pay the Levy Family its due, there is no evidence of the potential shortfall, or of the ability of the Levy Family to make itself whole from the guaranty.

As stated in the Trustee's and the Debtor's oppositions, there are further reasons to deny the Application, but the above will suffice. The denial, however, is without prejudice to the relief sought by the Motion. The Levy Family is free to schedule and calendar a hearing or hearings on the Motion under normal time and notice rules.[1]

A separate order denying the Application will be entered pursuant to FED. R. BANKR. P. 9021.

Copies sent to:

BRETT A. AXELROD; baxelrod@beckleylaw.com
pkois@beckleylaw.com;tshauntee@beckleylaw.com

GREGORY E GARMAN; bankruptcynotices@gordonsilver.com

BARRY H JENKINS; barry.jenkins@usdoj.gov

ANNE M. LORADITCH; ecffilings@beckleylaw.com
aloraditch@beckleylaw.com;pkois@beckleylaw.com

BOB L. OLSON; ecffilings@beckleylaw.com;bolson@beckleylaw.com
dgriffis@beckleylaw.com;

MICAELA RUSTIA; ecffilings@beckleylaw.com
mrustia@beckleylaw.com;tshauntee@beckleylaw.com

JENNIFER A. SMITH; bklscr@lionelsawyer.com akay@lionelsawyer.com

ROLLIN G. THORLEY; rollin.g.thorley@irscounsel.treas.gov

### 

---

[1] To the extent that the Motion seeks relief from the automatic stay, Debtor is correct that the Levy Family has not complied with either Bankruptcy Rule 4001 or Local Rule 4001. Accordingly, the court does not deem that the Levy Family has made a request for relief from the stay as contemplated in 11 U.S.C. § 362(e).

3